## Case No. 11,313.

POSTMASTER GENERAL v. RIDGWAY et al.

[Gilp. 135.] [1]

District Court, E. D. Pennsylvania. Nov. 24, 1829.

PLEADING AND PROOF—SUIT ON JOINT AND SEVERAL BOND—PLEA OF NON EST FACTUM—AMENDMENT AFTER JURY SWORN — NEW COUNTS.

1. Where a plaintiff declares against one obligor alone, as jointly and severally bound, and the defendant pleads non est factum, a joint bond of the defendant and another person is not evidence, though it agrees in date and amount with that described in the declaration.

[1] [Reported by Henry D. Gilpin, Esq.]

2. An amendment of the declaration, offered after the jury is sworn, and introducing a new cause of action, cannot be allowed.

3. In an action of debt against one obligor, a declaration setting forth a joint and several bond, cannot be amended, by adding a new count, setting forth a joint bond of the defendant and another person.

On the 8th September, 1804, Matthew Ridgway and Hugh Ross executed a joint bond, in the penal sum of five hundred dollars, to the postmaster general, conditioned for the faithful execution by Matthew Ridgway of the duties of the office of postmaster, at Milford, in Pennsylvania, and for the regular payment by him of all moneys coming to his hands for postages. On the 31st December, 1808, his accounts were settled at the post office department, as far as they were furnished, and showed a balance to be due from him, according to his own accounts, of eight dollars and fifty-five cents. But, besides this, he had neglected to render accounts from the 1st October, to the 31st December, 1806, and from the 1st April, 1807, to the 31st December, 1808; a period comprising twenty-four months or eight quarters, and estimated at seventy-two dollars and sixty-three cents. There was thus due and unpaid on the 31st December, 1808, a balance of eighty-one dollars and eighteen cents. On the 22d November, 1821, this account was stated by the proper officers of the department, and was transmitted to this district, where the present suit was brought, on the 3d December, against the two defendants Matthew Ridgway and Hugh Ross. At the return day of February sessions following, the marshal returned, "Non est inventus as to Matthew Ridgway, and cepi corpus and bail bond as to Hugh Ross." On the 12th March, 1822, the district attorney for the time being, declared against "Hugh Ross, impleaded with Matthew Ridgway, returned not found; for that whereas the said Hugh, on the 8th September, 1804, by his writing obligatory under his hand and seal acknowledged himself to be bound jointly and severally unto the postmaster general, in the sum of five hundred dollars to be paid when thereto requested, which, although often requested, he had refused to pay." To this declaration the defendant, Hugh Ross, on the 1st December, 1826, pleaded non est factum, and payment with leave, &c. The district attorney replied non solvit, and issues.

On the 24th November, 1829, the case came on for trial before HOPKINSON, District Judge, and a special jury. It was argued by Mr. Dallas, Dist. Atty., for the postmaster general, and Mr. Scott, for defendant Hugh Ross.

After the jury were impanelled and sworn, the district attorney offered in evidence the joint bond of Ridgway and Ross, dated the 8th September, 1804, to which the counsel for the defendant objected, on the ground that the declaration only counted on "a joint and several bond of Hugh Ross," while this was a joint bond of Ridgway and Ross; a vari-

ance which was material and fatal. Dillingham v. U. S. [Case No. 3,913].

THE COURT sustained the objection, and overruled the evidence.

Mr. Dallas, for the postmaster general, moved to amend the declaration, by adding a new count, in which the bond was accurately stated, and distinct breaches of the several conditions were set out.

Mr. Scott, for defendant.

There is no equitable reason for listening to this application to amend; and if the court have the power, it ought not to be exercised, during the trial, and under the peculiar circumstances. Twenty-one years have elapsed since this balance accrued, and eight years since the suit was instituted. There are, however, objections strictly legal to the amendment now proposed. It is not an alteration of the existing pleadings, but it introduces an entirely new cause of action; it creates for the jury a new issue; it presents against the defendant a new substantive charge. He has pleaded non est factum; he denies that the bond stated in the declaration is his deed; that bond is described as a joint and several bond of Hugh Ross; if this amendment is allowed, it will be a joint bond of Matthew Ridgway and Hugh Ross, and of course an instrument essentially varying from that which is the subject of his plea. It has also the effect to revive a new right of action which, as the pleadings now stand, would probably be barred; sufficient time has elapsed to afford a legal presumption of payment; and an amendment ought not to be allowed which, by introducing a cause of action not now existing on the record, might deprive the defendant of the benefit of this presumption. The thirty-second section of the act of congress of 24th September, 1789, directs the court to amend "all imperfections, defects, and wants of form," merely, and does not extend to matters of substance, which this is, for it introduces an instrument of writing entirely different from that heretofore stated in the pleadings. 1 Story, Laws, 66 [1 Stat. 91]; The Harmony [Case No. 6,051]; Smith v. Jackson [Id. 13,065]; Sackett v. Thompson, 2 Johns. 206; Harris v. Wadsworth, 3 Johns. 257; Pease v. Morgan, 7 Johns. 468; Petre v. Craft, 4 East, 433.

Mr. Dallas, for the postmaster general, in reply.

There is nothing to deprive the plaintiff of his right to amend. Even supposing that the statute of limitations would run against the cause of action now before the court, yet that circumstance would itself be a good reason for allowing the amendment. There is however, neither legal limitation nor legal presumption of payment. The bond was sued out in thirteen years after the default; and its identity is clearly proved by the identity of the parties, dates, and sums. Nor is the introduction of a new allegation, if this were

such, into the declaration an improper amendment; such amendments have been frequently allowed. This, however, is not of that character; it is but a more definite statement, in a second count, of what has been substantially laid in the first. The issue joined is not affected; the jury have been sworn to try the issue between the plaintiff and defendant; that issue is on the plea of non est factum, which is equally applicable to either count. The substantial merits of the case ought to be submitted to the jury, which this amendment will effect; if it is refused, it will only oblige the postmaster general to begin anew, without in any manner establishing for the defendant a just and legal objection. 2 Tidd, Prac. 653; Aubeer v. Barker, 1 Wils. 149; Blackwell v. Patton, 7 Cranch [11 U. S.] 471; The Edward, 1 Wheat. [14 U. S.] 264; Smith v. Barker [Case No. 13,013].

HOPKINSON, District Judge. This suit was brought eighteen years after the bond was executed, and fourteen years after the surety's liability by reason of the default of the principal. It is a suit on a sealed instrument, which is described by the plaintiff in his declaration, and which the defendant in his plea has alleged not to be his deed. A bond is now offered in evidence, which is not the bond so described, nor that which the defendant has denied to be his; it is a joint bond given by himself and another person, while the former is expressly stated in the declaration to be a joint and several bond of the defendant, and it is not alleged that any other person is joined with him. It is no doubt true that amendments may be made, not only in form but even in substance. But surely the court is not to be put to sea; nor is this privilege to be so construed as to introduce suddenly, and on the trial, new parties and a new cause of action. My difficulty is, that the proposed amendment would introduce an entirely new cause of action. The bond as set forth in the new count, now offered as an amendment, differs in the most essential particulars from that originally declared on, as it is described in the declaration. It is impossible for us to decide that they are the same instruments, merely from similarity in certain particulars. The same parties may, on the same day and in the same penalty, have given a joint and several bond, as well as a joint bond. What are pleadings? They are the manner and form in which a party is required to present his case to the court, and if he has made a mistake in this form, which is peculiarly under the direction of the court, he may be allowed to amend it. But here there is no error in the manner and form of stating the plaintiff's case, but in the case itself. He has mistaken his cause of action. He has brought the defendant here to answer his complaint; he has formally stated and declared what that complaint is; the defendant has put in his answer to it; and the parties appear, each to maintain his allegation.

But now the plaintiff informs the court that he has no such complaint as he has averred; although he has another which he prays may be substituted for that which he cannot maintain.

On the whole I am of opinion that the amendment ought not to be now made; and on the ground that it introduces a new cause of action.

A nonsuit was entered, with the assent of the district attorney.